(No. 831—Claimant awarded $379.00.)

PEORIA & PEKIN UNION RAILWAY COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 19, 1927.*

DEMURRAGE—*when State liable.* Where the State through its authorized agent had notice of the delivery of cars of coal shipped to the State's institution, it is liable for demurrage charges for failure to unload the cars.

BARNES, MAGOON & HORTON, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

The claimant, the Peoria and Pekin Union Railway Company, have filed a claim in the sum of $379.00 on account of demurrage on cars of coal shipped to the State Hospital at Bartonville, Illinois. The case hinges on the fact as to whether or not defendant had received notice as to the constructive placement of these cars, under the following provision:

"When delivery of a car consigned or ordered to an industrial interchange track, or to other than a public delivery track cannot be made on account of the inability of the consignee receiving it or because of any other condition attributable to the consignee, such car will be held at destination or, if it cannot reasonably be accommodated there, at the nearest available holding point, and written notice that the car is held and that this railroad is unable to deliver, will be sent or given to the consignee. This will be considered constructive placement." (Item No. 7, Rule 5, Sec. A. of Rules and Regulations contained in Freight Tariff No. 4D.)

There is a direct conflict in the testimony of J. R. Conway, an employee at the Peoria State Hospital, and three witnesses introduced by claimant. We believe that the preponderance of the evidence proves that notices were given as provided for under said rules and regulations, above cited, and that claimant is entitled to be awarded the amount of its claim.

We therefore award to claimant, the Peoria & Pekin Union Railway Company, the sum of $379.00.